REQUESTED BY: Forrest D. Chapman, Executive Director Nebraska Liquor Control Commission
Dear Mr. Chapman:
You have asked for our opinion regarding the application of Neb. Rev. Stat. § 53-177 (1998) to premises licensed by the Nebraska Liquor Control Commission in situations where a church is newly-located within 150 feet of licensed premises. Specifically, you asked whether the Commission would be required to cancel the liquor license; whether a purchaser of the licensed premises could obtain a new liquor license if the purchase were made within two years after the establishment of the church; and whether a purchaser of the premises could obtain a new liquor license if the purchase were made more than two years after the establishment of the church.
Neb. Rev. Stat. § 53-177 provides in part:
 No license shall be issued for the sale at retail of any alcoholic liquor within one hundred and fifty feet of any church, . . . Provided, that this prohibition shall not apply (1) to any location within such distance of one hundred fifty feet for which a license to sell alcoholic liquor at retail has been granted by the Nebraska Liquor Control Commission for two years continuously prior to making of application for license. . . .
Nothing in § 53-177 requires the Nebraska Liquor Control Commission to cancel a liquor license if a church becomes newly-located within 150 feet of existing licensed premises. We addressed this issue in our Opinion No. 96014, dated February 23, 1996, in which we noted:
 You have asked . . . if one of the protected entities listed in Neb. Rev. Stat. § 53-177 (1993) were to move within the prohibited radius of an existing retail liquor licensee, would the licensee be required to move its premises? Our answer . . . is: "No."
 Liquor licenses are property interests which are entitled to protection under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 3, of the Nebraska Constitution. Bosselman, Inc. v. State, 239 Neb. 471 (1988). . . . The Nebraska Supreme Court's decision in Pump Pantry v. City of Grand Island, 233 Neb. 191 (1989), provides guidance. In Pump Pantry, the Supreme Court found that an existing licensee had a right to renew its liquor license if (1) the licensee continued to meet the qualification requirements of Neb. Rev. Stat. § 53-125; (2) the premises were the same as those designated on the initial license, and (3) the premises were still suitable for the sale of alcohol in accordance with the requirements which existed at the time of the initially-issued license. The Court found that licensees were not on the same "footing" as initial applicants, but had statutory and constitutionally protected interests. Id. at 197-98.
If the licensee sold the licensed premises within two years after the establishment of a church within 150 feet of the premises, the Liquor Commission could issue a new license to the purchaser of the premises as long as the premises had been licensed for the sale of alcoholic beverages for at least two years continuously prior to the submission of the new application. The "grandfather" clause of § 53-177 does not make any reference to how long any church has been established, but instead how long the licensed premises have been licensed for the sale of alcoholic beverages. If the premises have been licensed for a period of less than two years, a new liquor license could not be issued to a purchaser of the premises once a church has been established within 150 feet of the licensed premises.
Sincerely,
 DON STENBERG Attorney General
 Laurie Smith Camp Deputy Attorney General
APPROVED BY:
DON STENBERG 
Attorney General